In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00158-CR

                                                ______________________________

 

 

                                 RAYMOND KEITH WALLS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR01626

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Raymond
Keith Walls appeals from his conviction for sexual assault.  See
Tex. Penal Code Ann. § 22.011
(West 2011).  Walls’ attorney on appeal
has filed a brief which discusses the record and reviews the proceedings in
detail, providing possible issues, but explaining why they cannot succeed.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Walls November 16, 2011, informing
Walls of his right to file a pro se response and his right to review the record
of the trial proceedings in doing so.  Walls’
brief was due to be filed in this Court December 16, 2011.  As of this date, no brief has been filed and no
request for extension has been made.  Counsel
has also filed a motion with this Court seeking to withdraw as counsel in this
appeal.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623
(2005).  We, therefore, agree with
counsel’s assessment that no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005).

            We take
note, though, of two inaccuracies in the trial court’s judgment.   The jury found Walls not guilty of
aggravated sexual assault and convicted him of sexual assault.  The judgment should cite Section 22.011 of
the Texas Penal Code, not Section 22.021, and we amend the judgment to reflect
the correct statute.  Likewise, the
judgment states Walls pled “true” to the two enhancement paragraphs, where in
fact he pled “not true.”  We amend the
judgment to reflect Walls’ pleas.[1]

            As amended,
the trial court’s judgment is affirmed.[2]

 

 

            

                                                

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:          January
30, 2012         

Date Decided:             January
31, 2012

 

Do Not Publish           

 

 

 











[1]Appellate
courts have the authority to reform the judgment to make the record speak the
truth when the matter has been called to its attention by any source.  French
v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In Asberry
v. State, 813 S.W.2d 526 (Tex. App.—Dallas
1991, pet. ref’d), the court noted that the authority of the appellate court to
reform incorrect judgments is not dependent on request of any party and that
the appellate court may act sua sponte.  The Texas Rules of Appellate Procedure provide
direct authority for this Court to modify the judgment of the trial court.  Tex.
R. App. P. 43.2(b).

 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing or for en banc
reconsideration was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with the clerk of the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3 (amended by the
Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011).  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 68.4.